```
                       UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA

                       CASE NO.: 16-14206-Civ-MOORE
                                (03-14034-Cr-MOORE)
                       MAGISTRATE JUDGE PATRICK A. WHITE
```

RICHARD ANTHONY MANDILE,

    Movant,
                                  REPORT RE DISMISSAL
                                  FOR FAILURE TO OBTAIN
v.                            AUTHORIZATION PURSUANT TO
                                  28 U.S.C. §2244(b)(3)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## I. Introduction

      Richard A. Mandile, a federal prisoner currently confined at Allenwood Federal Correctional Institution in White Deer, Pennsylvania, has filed a motion to appoint counsel to assist him in challenging his enhanced sentence as a career offender in light of the Supreme Court's ruling in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). His motion, although legally deficient, has been construed liberally, as afforded *pro se* prisoners pursuant to Haines v. Kerner, 404 U.S. 419 (1972), as a successive §2255 motion to vacate in order to preserve his legal argument.

      This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident

the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2255 Proceedings.

The Court has reviewed the movant's motion (Cv-DE#1), together with all pertinent portions of the underlying criminal file, as well as, the movant's prior §2255 motion, assigned case no. 06-14174-Civ-Moore.[2]

## II. Brief Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged with and pleaded guilty to bank robbery, in violation of 18 U.S.C. §2113(a). (Cr-DE#s1,21). On January 15, 2004, the movant was sentenced to a term of 240 months in prison, followed by three years of supervised release. (Cr-DE#33).

The movant appealed. On September 29, 2004, the Eleventh Circuit *per curiam* affirmed the movant's sentence in a written but unpublished opinion. United States v. Mandible, 122 Fed.Appx. 986 (11th Cir. 2004). Certiorari review was granted, the judgment vacated, and the case remanded to the Eleventh Circuit. Mandible v. United States, 543 U.S. 1181 (2005). On remand, the Eleventh Circuit *per curiam* again affirmed the movant's sentence in a written but unpublished opinion. United States v. Mandible, 130 Fed.Appx. 351 (11th Cir. 2005). Certiorari review was denied on

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

[2] The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

October 11, 2005. <u>Mandible v. United States</u>, ___ U.S. ____, 126 S.Ct. 439 (2005). On June 27, 2006, the movant timely filed his first §2255 motion to vacate assigned case no. 06-14174-Cv-Moore.[3] (Cv-DE#1).

On April 26, 2016, the movant returned to this Court, filing the instant motion to appoint counsel, which has been liberally construed as a §2255 motion to vacate, challenging his enhanced sentence as a career offender.[4]

### III. Discussion

Post-conviction relief is available to a federal prisoner under Section 2255 where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law." 28 U.S.C. §2255(a). A federal prisoner who already filed a Section 2255 motion and received review of that motion is required to move the court of appeals for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct sentence. <u>See</u> 28 U.S.C. §2255(h); 28 U.S.C. §2244(b)(3)(A).

A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

---

[3] <u>See</u>: <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[4] A <u>pro se</u> prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999).

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

If a movant files a second or successive habeas petition without first seeking permission from the appellate court, however, the District Court is without jurisdiction to entertain it. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). The Movant previously filed a Section 2255 motion to vacate that was denied on the merits. He then filed the instant motion to vacate without seeking permission from the Eleventh Circuit Court of Appeals. The instant motion is an unauthorized second or successive Section 2255 motion and it should, therefore, be dismissed for lack of jurisdiction. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

As previously noted, the movant's initial §2255 proceeding constituted an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. §2244(b)(3). Thus, the movant's only remedy lies in filing a successive §2255 motion, which he is attempting to do here. Movant, however, does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corr's, 301 F.3d 1287, 1288 (11th Cir.), cert. den'd, 536 U.S. 980 (2002).

To the extent Movant asserts he is entitled to review on the merits based on the Supreme Court's decision in <u>Johnson</u>, he is entitled to no relief thereon because the challenge to his sentence would fail on the merits even if it were not successive since his sentence was not enhanced as an armed career criminal, but rather as a career offender under the federal sentencing guidelines. The Eleventh Circuit has expressly rejected the argument that the guidelines can be unconstitutionally vague, concluding that the vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines." <u>United States v. Matchett</u>, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015). Furthermore, in <u>In Re Marvin Griffin</u>, the Eleventh Circuit extended <u>Matchett</u> to include mandatory guidelines under §4B1.1. <u>In Re Marvin Griffin</u>, No.16-12012 (11th Cir. May 25, 2016). Therefore, the Eleventh Circuit has "squarely foreclose[d]" the movant's <u>Johnson</u>-based argument. <u>United States v. Brown</u>, 2015 WL 9301410 (11th Cir. Dec. 22, 2015).

Given the foregoing, movant cannot demonstrate he is entitled to relief based on the retroactivity or applicability of <u>Johnson</u>. Since movant has failed to demonstrate that his challenge to his conviction and sentence was premised on recently-announced rules in any Supreme Court decision that has been made retroactively applicable, this proceeding must be dismissed. See <u>Weeks v. United States</u>, 382 Fed.Appx. 845, 848 (11th Cir. 2010)(citation omitted)(noting §2255(f)(3) provides that the one year limitations period begins on the date the Supreme Court decides a case which initially recognized the right being asserted).

If the Movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by Section 2244(b)(3)(A). The Movant

will be provided with a form to apply for such authorization with this report. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to Section 1631 or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11th Cir. 1999). Movant will be provided with a form to apply for such authorization with this report.

## IV. Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## V. Conclusion

For all of the foregoing reasons, movant's motion (DE#1) should be dismissed for lack of jurisdiction as it is an unauthorized successive motion, because the movant has not obtained certification required by 28 U.S.C. §2244 (b)(3)(A) from the Eleventh Circuit Court of Appeals. It is further recommended that no certificate of appealability issue, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 17th day of June, 2016.

UNITED STATES MAGISTRATE JUDGE

cc: Richard Anthony Mandile, PRO SE
    07235-155

```
Allenwood Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
White Deer, PA 17887


Diana Margarita Acosta
United States Attorney's Office
101 South U.S. Hwy 1
Suite 3100
Fort Pierce, FL 34950
Email: diana.acosta@usdoj.gov
```